1

2

3

4

5

6

7

8      IN THE UNITED STATES DISTRICT COURT FOR THE

9      EASTERN DISTRICT OF CALIFORNIA

10

11     MICHAEL WHITFIELD,                      1:13-cv-0442 LJO-BAM

12              Plaintiff,
                                               ORDER DENYING MOTION FOR
13        vs.                                  APPOINTMENT OF COUNSEL

14     FRESNO COMMUNITY HOSPITAL, *et al.*
                                               (Doc. 3)
15              Defendants.

16     _____/

17          On March 26, 2013, Plaintiff filed a motion seeking the appointment of counsel.  Plaintiff

18     does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d

19     1520, 1525 (9th Cir. 1997), and the court cannot require an attorney to represent plaintiff pursuant

20     to 28 U.S.C. § 1915(e)(1).  *Mallard v. United States District Court for the Southern District of*

21     *Iowa*, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may

22     request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand*, 113 F.3d at 1525.

23          Without a reasonable method of securing and compensating counsel, the Court will seek

24     volunteer counsel only in the most serious and exceptional cases.  In determining whether

25     "exceptional circumstances exist, the district court  must evaluate both the likelihood of success

26     of the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the

27     complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

28          In the present case, the Court does not find the required exceptional circumstances.

-1-

Plaintiff's case stems from allegations that Defendants failed to provide adequate medical attention after he was forcibly arrested for trespassing at the Community Regional Medical Center. Further, according to Plaintiff, after his arrest he visited Community Regional Medical Center on several more occasions and was denied access to the facility by various officers. Plaintiff requests monetary damages exceeding $3,000,000.00. (Doc. 1).

At this early stage of the proceedings, the court cannot make a determination that Plaintiff is likely to succeed on the merits. Moreover, based on Plaintiff's complaint, it appears that he is able to adequately articulate his claims. *Id.* Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case does not appear exceptional. Therefore, Plaintiff's motion shall be denied, without prejudice to renewal of the motion at a later stage of the proceedings.

Accordingly, for the foregoing reasons, Plaintiff's motion for the appointment of counsel is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

**Dated:**   **April 15, 2013**      **/s/ Barbara A. McAuliffe**
UNITED STATES MAGISTRATE JUDGE