# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL WHITFIELD, ) | 1:13-cv-0442 LJO BAM |
| Plaintiff, ) | |
| ) | **ORDER TO SHOW CAUSE** |
| v. ) | |
| FRESNO COMMUNITY HOSPITAL, *et al.*, ) | |
| Defendants. ) | |

Plaintiff Michael Whitfield ("Plaintiff") is an inmate at the Fresno County Jail proceeding pro se with this civil rights action pursuant to Title 42 of the United States Code section 1983. Plaintiff filed a complaint commencing this action on March 26, 2013, together with a request to proceed in forma pauperis and a motion to appoint counsel. (Docs. 1, 2 & 3).

On April 12, 2013, the Court held that Plaintiff had not demonstrated he is eligible to proceed in forma pauperis. The Court issued an order recognizing Plaintiff as a three strikes litigant under 28 U.S.C. § 1915(g)) and requiring Plaintiff to submit the $350.00 filing fee to proceed with this action.

The April 12th order, properly served on Plaintiff at Fresno County Jail, Post Office Box 872, Fresno, California 93712, was returned by the postal service marked "Undeliverable, Not in Custody."

1

On May 6, 2013, a second piece of mail addressed to Plaintiff at the Fresno County Jail was returned by the postal service marked "Undeliverable -Not in Custody."

Local Rule 182(f) provides that attorneys and any party appearing pro se are "under a continuing duty to notify the Clerk and all other parties of any change of address or telephone number of the attorney or the pro se party." Thus, Plaintiff is under a continuing duty to keep the Clerk and others informed of any change to his address or telephone number. Mail addressed to Plaintiff has been returned as undeliverable, and therefore, Plaintiff has failed to keep the Court informed of his current address despite a continuing duty to do so.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g. Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules). In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at

1260-61; *Ghazali*, 46 F.3d at 53.

      Plaintiff **MICHAEL WHITFIELD** is hereby **ORDERED TO SHOW CAUSE,** if any, why the action should not be dismissed for his failure to follow the Local Rules. Plaintiff SHALL file a declaration addressing his failure to keep the court informed, or in the alternative, shall file a Notice of Change of Address with this Court, **no later than August 5, 2013**. In the event Plaintiff fails to show cause for his failure, this Court will recommend dismissal of the action in its entirety.

   IT IS SO ORDERED.

   **Dated:    July 5, 2013**            /s/ **Barbara A. McAuliffe**
                                            UNITED STATES MAGISTRATE JUDGE