UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL WHITFIELD,<br>          Plaintiff,<br><br>     v.<br><br>FRESNO COMMUNITY HOSPITAL, *et al.*,<br>          Defendant.<br>_____ / | Case No. 1:13-cv-0442 LJO-BAM<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF THIS CASE |

     Plaintiff Michael Whitfield ("Plaintiff") is an inmate at the Fresno County Jail proceeding pro se with this civil rights action pursuant to Title 42 of the United States Code section 1983. Plaintiff filed the complaint commencing this action on March 26, 2013, together with a request to proceed in forma pauperis and a motion to appoint counsel. (Docs. 1, 2 & 3).

     On April 12, 2013, the Court issued an order requiring Plaintiff to submit the $350.00 filing fee to proceed with his action. The April 12th order that had been properly served on Plaintiff at Fresno County Jail, Post Office Box 872, Fresno, California 93712, was returned by the postal service marked "Undeliverable, Not in Custody."

     On May 6, 2013, a second piece of mail addressed to Plaintiff at the Fresno County Jail was returned by the postal service marked "Undeliverable -Not in Custody."

On July 5, 2013, this Court issued an Order to Show Cause Why this Case Should Not be Dismissed for Plaintiff's failure to keep the Court apprised of his address pursuant to Local Rule 182(f). (Doc. 6). Pursuant to Local Rule 183(b), if an address is not updated within sixty days of the mail being returned, the action will be dismissed for failure to prosecute. Local Rule 183(b). On July 23, 2013, this order addressed to Plaintiff at the Fresno County Jail was also returned by the postal service marked "Undeliverable, Not in Custody." In light of the above, the Court recommends dismissal of this action**.**

**DISCUSSION**

Local Rule 110 provides that "failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate ... dismissal of a case." *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g. Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Thompson v. Housing Auth.*, 782 F.2d at 831; *Henderson v. Duncan*, 779 F.2d at 1423-24; *Malone v. U.S. Postal Service*, 833 F.2d at 130; *Ferdik*, 963 F.2d at

1260-61; *Ghazali v. Moran*, 46 F.3d at 53.

In the instant case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal. Plaintiff has failed to comply with Local Rule 182(f) that requires Plaintiff to keep the Court apprised of his address so that he may participate in this litigation. More than sixty days have passed since the first order was returned to the Court as undeliverable. In accordance with this Court's Local Rules, the matter should be dismissed. Local Rule 183(b).

The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor, the public policy favoring the disposition of cases on the merits is also met. While the public's interest certainly favors resolution of cases on the merits, the public has an equal, if not greater interest in ensuring confidence in our judicial system and in the speedy and fair administration of justice. Here, there will be no resolution of this case given Plaintiff's failure to advise the Court of his new address. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik v. Bonzelet*, 963 F.2d at 1262; *Malone v. U.S. Postal Service*, 833 at 132-33; *Henderson v. Duncan*, 779 F.2d at 1424. In this case, the Court's order expressly stated, "In the event Plaintiff fails to show cause for his failure, this Court will recommend dismissal of the action in its entirety." (Doc. 6, pg. 3). Thus, Plaintiff had adequate warning that dismissal would result from noncompliance with the Court's order.

### CONCLUSION AND RECOMMENDATION

Accordingly, the Court **HEREBY RECOMMENDS** that this action be dismissed based on Plaintiff's failure to obey the Court's order of July 5, 2013, and a failure to prosecute the action.

These findings and recommendations are submitted to the United States District Judge Lawrence J. O'Neill, pursuant to the provisions of Title 28 of the United States Code section 636(b)(l). Within fifteen (15) days after being served with these findings and recommendations, Plaintiff may file written objections with the Court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections

1  within the specified time may waive the right to appeal the District Court's order.  *Martinez v. Ylst*,
2  951 F.2d 1153 (9th Cir. 1991).
3  IT IS SO ORDERED.

    Dated:   **August 12, 2013**          /s/ *Barbara A. McAuliffe*
                                              UNITED STATES MAGISTRATE JUDGE